IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY FONTANEZ | : | CIVIL ACTION |
| v. | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | NO. 13-6265 |

**MEMORANDUM**

SLOMSKY, J.                                                    NOVEMBER 19th, 2013

Currently before the Court are plaintiff Jeremy Fontanez's motion to proceed in forma pauperis and pro se complaint against the Commonwealth of Pennsylvania. Plaintiff, who was convicted of first-degree murder in Lehigh County, was dissatisfied with his attorney's appellate brief in his recent post-conviction proceeding. Accordingly, he submitted letters to the Pennsylvania Superior Court requesting withdrawal of the brief and/or the withdrawal of his attorney so that he could proceed pro se. In accordance with Commonwealth v. Jette, 23 A.3d 1032 (Pa. 2011), the Superior Court did not file plaintiff's letters, and instead sent them to his attorney. Plaintiff subsequently brought this action against the Commonwealth, pursuant to 42 U.S.C. § 1983, claiming that he has been denied access to the courts and that several other of his constitutional rights were violated by the state court's handling of his letters.

Plaintiff's motion to proceed in forma pauperis is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if, among

other things, it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995).

Plaintiff's claims against the Commonwealth lack legal merit because the Commonwealth is entitled to Eleventh Amendment immunity and, in any event, is not a "person" for purposes of § 1983.[1] See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65-66 (1989). Accordingly, the complaint must be dismissed. Plaintiff will not be given leave to amend because amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate order follows.

---

[1] The same is true of the Pennsylvania courts. See Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 235 n.1 & 241 (3d Cir. 2005) (holding that Pennsylvania courts share in the Commonwealth's immunity).